IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JAMES C. MORRISON, JR.,
    Petitioner,

vs.   Case No: 3:06cv535/MCR/EMT

JAMES R. McDONOUGH,
    Respondent.
_____/

**O R D E R**

    This cause is before the court on Petitioner's Notice of Appeal, construed as a motion for certificate of appealability (Docs. 24, 25). This court must determine whether a certificate of appealability is appropriate for any of the issues Petitioner seeks to raise in his appeal of the denial of his Rule 60(b) motion (*see* Docs. 22, 23, 24, 25). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253 (c)(2). On November 5, 2007, I denied Petitioner's § 2254 petition for the reasons set forth in the Report and Recommendation issued by the magistrate judge on June 11, 2007, namely, Petitioner's claim was procedurally barred from federal review because he failed to fairly present his claim in the state courts, and he would be procedurally barred from attempting to return to state court to present it (*see* Docs. 16, 20). Judgment was entered accordingly (*see* Doc. 21).

    In Petitioner's "Motion to Alter or Amend or Application for Certificate of Appealability and Motion for Appointment of Counsel" (Doc. 22), construed as a Rule 60(b) motion, Petitioner sought relief from judgment on the ground that the court's determination that he did not fairly present his federal claim to the state courts was a "mistake" (*see* Doc. 22 at 2–4). Petitioner re-argued the same position he advanced in his objection to the magistrate judge's Report and Recommendation, namely that he fairly presented his claim

to the state courts, based upon the state court record and controlling law (*see* Doc. 19).

Rule 60 of the Federal Rules of Civil Procedure provides:

**(a) Corrections Based on Clerical Mistakes; Oversights and Omissions.** The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

**(b)     Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(a, b).

In this case, the only subsection under which Petitioner appeared to invoke relief in his Rule 60(b) motion was subsection (1), "mistake." A legal error may be a "mistake" within Rule 60(b) when the purported error occurred in a "previous ruling which precluded a merits determination," such as a denial based on procedurally barred or unexhausted claims. See <u>Gonzalez v. Crosby</u>, 545 U.S. 524, 532 n.4, 125 S. Ct. 2641, 2648 n.4, 162 L. Ed. 2d 480 (2005). In this case, Petitioner's Rule 60(b) motion challenged my determination that the ground raised in his federal habeas petition was procedurally barred;

however, he failed to show that the reasons for my decision, set forth in the Report and Recommendation issued by the magistrate judge (Doc. 16), or the conclusions following therefrom, were based upon a mistaken factual or legal determination. Furthermore, to the extent Petitioner sought to invoke relief under Rule 60(b)(6), he was required to make a showing of "extraordinary circumstances" to warrant relief. *See* Gonzalez v. Crosby, 545 U.S. 524, 535, 125 S. Ct. 2641, 2649, 162 L. Ed. 2d 480 (2005). Such circumstances rarely occur in the habeas context. *Id.* In this case, Petitioner did not assert any "extraordinary circumstance" which related to the integrity of the federal habeas proceeding. Because Petitioner failed to assert any ground that was either directly or indirectly identified in Rule 60 as a possible basis for relief from judgment in this case, I denied his motion for relief under Rule 60(b).

In Petitioner's notice of appeal of the order denying his Rule 60(b) motion, construed as a motion for certificate of appealability (Docs. 24, 25), Petitioner does not identify the issues he seeks to raise in his appeal of the denial of his Rule 60(b) motion. For the same reasons that I denied Petitioner's Rule 60(b) motion, as discussed above, I conclude that Petitioner has not made a substantial showing of the denial of a constitutional right. Therefore, a certificate of appealability with regard to Petitioner's appeal of the denial of his Rule 60(b) motion should not issue.

Accordingly, it is **ORDERED**:

Petitioner's notice of appeal of the court's denial of his Rule 60(b) motion for relief from the court's order denying his 28 U.S.C. § 2254 petition, construed as a motion for certificate of appealability (Docs. 24, 25), is **DENIED** and no certificate shall issue.

**DONE AND ORDERED** this 8th day of February 2008.

　　　　　　　　　　　　　　　　　s/ *M. Casey Rodgers*
　　　　　　　　　　　　　　　　**M. CASEY RODGERS**
　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**